In re William L. STOOPS, Debtor.

Stephen L. MEININGER, Chapter 7 Trustee, Plaintiff,

v.

Osa HARP, Esq. and Emma J. Stoops, Defendants.

Bankruptcy No. 94–1688–8P7.
Adv. No. 96–615.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 20, 1997.

Curran K. Porto, Treman, Kemker, Scharf, Barkin, et al., Tampa, FL, for Trustee.

Stuart Symington Smith, Osa Harp, Brooksville, FL, for Defendant Emma J. Stoops.

Stephen L. Meininger, Tampa, FL, Trustee.

## ORDER ON TRUSTEE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is an aborted Chapter 11 case and currently the estate of the Debtor, William L. Stoops, is in administration under Chapter 7 by the Chapter 7 Trustee, Stephen L. Meininger (Trustee), who filed the above-captioned adversary proceeding. The matter under consideration is the Trustee's Motion for Partial Summary Judgment as to Counts III and IV of the Amended Complaint.

In the original three-count Complaint, the Trustee named as defendants Osa Harp, Esq. (Mr. Harp) and Emma J. Stoops (Ms. Stoops). Count I of the Complaint alleged that during the pendency of the Chapter 11 case, the Debtor and his former wife sold certain real property and placed the proceeds in the escrow account of Mr. Harp, who is currently holding the funds. The Trustee demanded a turnover of the escrowed funds in order to place the funds into the estate's account until this Court can determine the respective interests of the Debtor and Ms. Stoops in the escrowed funds. In Count II, the Trustee sought a determination, pursuant to 11 U.S.C. § 506, that the estate has an interest in the escrowed funds, that the funds are property of the estate, and that the funds are subject to administration. The Trustee also seeks attorney's fees and costs. In Count III, also based on 11 U.S.C. § 506, the Trustee contended that Ms. Stoops' equitable lien claim on all of the property of the estate, as a result of an equitable distribution awarded to her by the Final Judgment of the Dissolution of Marriage under Chapter 61, Fla.Stat. (1994) (sic), is junior to the Trustee's interest and that, therefore, Ms. Stoops holds only a general unsecured claim.

On December 19, 1996, the Trustee filed a Motion to Amend the Complaint which was granted on February 12, 1997. Counts I through III of the Amended Complaint are basically identical to the claims set forth in Counts I through III of the original Complaint. Count IV, based upon 11 U.S.C. § 551 is new.

In Count IV of the Amended Complaint, the Trustee alleges that prior to the commencement and within ninety days of the filing of the Chapter 11 case, the FDIC recorded in both Hernando and Pasco Counties, a money judgment in an amount in excess of $283,000 which had been obtained against the Debtor. The Trustee contends that he avoided this judgment lien as a voidable preference pursuant to 11 U.S.C. § 547 and now seeks to preserve the avoided judgment lien for the benefit of the estate pursuant to 11 U.S.C. § 551.

On April 7, 1997, the Trustee filed his Motion for Partial Summary Judgment directed to Counts III and IV of the Amended Complaint. It is the Trustee's contention that there are no genuine issues of material fact and based on the same, the Trustee is entitled to a judgment as a matter of law with respect to both Counts.

The Debtor is an architect who in the past had operated a real property management business and was the sole owner of numerous income producing real property interests which were all titled in his name alone. The Debtor was married to Ms. Stoops for over forty years. Having encountered financial difficulties, on February 22, 1995, the Debtor filed a Petition for Relief under Chapter 11. At the commencement of the Chapter 11 case, the Debtor and his wife were separated but not yet divorced. The Chapter 11 case was converted to a Chapter 7 liquidation case on July 3, 1995 because the Debtor was unable to obtain confirmation of his Chapter 11 plan of reorganization. The Trustee, upon being appointed the Chapter 7 Trustee, was initially authorized to operate the Debtor's property management business for a limited time period but ultimately liquidated or abandoned all of the Debtor's non-exempt assets.

During the course of the administration, the Trustee commenced Adversary Proceeding No. 96-272, filing a complaint against the FDIC for the purpose of avoiding a judgment lien fixed to the real property of the Debtor during the ninety days preceding the commencement of the Chapter 7 case. The FDIC claimed a lien on all real estate holdings of the Debtor in Hernando and Pasco County by virtue of a money judgment recorded in the public records of those Counties on December 6, 1993 and December 7, 1993, respectively. The FDIC, having conceded the Trustee's position, consented to the entry of a final judgment which invalidated the judgment liens and freed the Debtor's properties of the FDIC's judgment lien. In this adversary proceeding, the Trustee did not seek to preserve for the benefit of the estate, the invalidated judgment liens pursuant to Section 551 of the Bankruptcy Code.

On February 22, 1994, Ms. Stoops filed a Petition for Dissolution of Marriage. On October 4, 1995, this Court granted Ms. Stoops'

Motion for Relief from the Automatic Stay in order to seek a conclusion of the dissolution of their marriage and a determination of the property division between the Debtor and Ms. Stoops. On October 9, 1996, the Circuit Court of the Fifth Judicial Circuit in and for Hernando County, Florida entered a Final Judgment of Dissolution of Marriage.

In paragraph 9 of the Final Judgment, the Circuit Court awarded as lump sum alimony to Ms. Stoops, the net proceeds of the sale of any assets which were then held by the Trustee. The Circuit Court ordered the Trustee to turn over any personal, real, or intangible assets to Ms. Stoops. Additionally, the Final Judgment provided that any further sales of assets would likewise be awarded to the wife as lump sum alimony. In paragraph 10 of the Final Judgment, the Circuit Court found that the Debtor was entitled to retain only those assets which had been abandoned by the Trustee. These are the basic facts which are indeed without dispute and upon which the Trustee contends that as a matter of law, he is entitled to a judgment in his favor and against Ms. Stoops on both Counts III and IV.

Contrary to the assertion in the Trustee's Motion for Partial Summary Judgment that Count III of the Amended Complaint is based upon 11 U.S.C. §§ 506 and 544, there is nothing in Count III which remotely intimates that the Trustee relies on Section 544 of the Code. Nothing is plead in that Count which could be construed to be a claim based on that Section. Moreover, it is clear from this record that even if there was a transfer which could have been avoided by the Trustee under Section 544(a) of the Code, such transfer occurred post-petition.

The strong-arm power given to the Trustee by Section 544(a) of the Code was never designed to and does not deal with any transfers other than transfers which occurred prior to the commencement of the case. It follows from the foregoing that the claim for relief set forth in Count III of the Amended Complaint, as it is purported to be based on Section 544(a) of the Bankruptcy Code, is without merit.

This leaves for consideration the claim based on 11 U.S.C. § 506. This Section, in essence, provides that an allowed claim of a creditor secured by a lien on the property in which the estate has an interest is a secured claim only to the extent of the value of such creditor's interest and it is an unsecured claim to the extent that the value of such creditor's interest is less than the amount of such allowed claim. This Section was designed to permit the bifurcation of secured claims into both a secured and an unsecured claim but not to attack or invalidate any lien claim of a creditor on the property of the estate. Thus, it is obvious that the Trustee's reliance on this Section is equally misplaced and furnishes no basis to warrant the relief sought.

This leaves for consideration that portion of the Motion for Summary Judgment related to the claim set forth in Count IV of the Amended Complaint which is based on Section 551 of the Bankruptcy Code. This Section provides for an automatic preservation of avoided transfers under several Sections of the Bankruptcy Code, including Section 547. Section 547 empowers the Trustee to invalidate certain transfers as voidable preferences. Although the Trustee did not clearly articulate the theory to prevail on this claim, it appears that it is based on the following undisputed facts.

It is without dispute that (1) the FDIC obtained a money judgment against the Debtor; (2) when the FDIC placed on the public records of Hernando and Pasco County a certified copy of the money judgment, the judgment became a lien by operation of law on all real properties owned by the Debtor located in those counties; and (3) the judgment lien became affixed to the real property holdings of the Debtor prior to the commencement of any dissolution of marriage proceeding and certainly long before the entry of the Final Judgment dissolving the marriage of Mr. and Mrs. Stoops and awarding Mrs. Stoops lump sum alimony.

The Trustee did invalidate the FDIC's judgment lien and everything else being equal, the Trustee is clearly entitled to step in the shoes of the FDIC and, thus, occupy the judgment lien position previously

**4**

occupied by the FDIC. As a matter of chronology, this position is certainly superior to any other lien which might have attached to these properties, including Mrs. Stoops' equitable lien claims resulting from the lump sum alimony award. Based on the foregoing, one might conclude that the Trustee is entitled to the relief it seeks under Count IV, unless Mrs. Stoops' proposition is supported by applicable law and authorities.

Ms. Stoops posits that Florida Statute § 61.075(7) creates a presumption that assets acquired after the date of a marriage are marital assets. Although not clearly articulated by Mrs. Stoops' counsel during oral argument, Mrs. Stoops contends that the equitable interest which Ms. Stoops has is secured by an equitable lien which relates back to the beginning of the marriage and not to the date of the Final Judgment entered by the Circuit Court.

Alternatively, it is suggested that Mrs. Stoops was not made a party defendant to the suit filed by the FDIC against the Debtor and that any rights and interests she might have had to the properties could not be avoided by the FDIC (sic), i.e. Mrs. Stoops' interests apparently were not foreclosed in the foreclosure action. This proposition lacks any legal or factual support when one considers the undisputed facts. At the time the FDIC filed its foreclosure action and obtained a money judgment against the Debtor, Mrs. Stoops had no cognizable legal or equitable interest in the subject properties because at the time the suit was filed, she was still married to the Debtor.

At the time the FDIC filed its foreclosure action, Mrs. Stoops had no cognizable legal or equitable interest in the real properties ultimately sold by the Trustee. The FDIC was not required to name Ms. Stoops as a defendant in the foreclosure action. The FDIC certainly could have completed the foreclosure action successfully and sold all the properties subject to the foreclosure sale and the clerk could have conveyed valid title to a purchaser at the foreclosure sale, but for the intervention of the bankruptcy.

■ This Court concludes that the FDIC's judgment lien was superior to Mrs. Stoops equitable lien claim and that, therefore, the

Trustee has the absolute right to preserve an invalidated lien under Section 551. Having so concluded, this Court finds that the Trustee's Motion for Partial Summary Judgment as directed to Count IV is well taken and should be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Partial Summary Judgment as to Count III be, and the same is hereby denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Partial Summary Judgment as to Count IV be, and the same is hereby granted. A separate final judgment shall be entered in favor of the Trustee and against the Defendants, Osa Harp, Esq. and Emma J. Stoops.